Argued and submitted December 20, 2016; conviction on Count 2 reversed, remanded for resentencing, otherwise affirmed February 1, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMAL M. SAHLI,
*Defendant-Appellant.*

Washington County Circuit Court
D142033M; A158452

389 P3d 415

Ryan Scott argued the cause and filed the brief for appellant.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Haselton, Senior Judge.

**SERCOMBE, P. J.**

Based on her conduct toward two victims, C and H, defendant was convicted of two counts of stalking. ORS 163.732. She appeals the resulting judgment, raising two assignments of error. In her first assignment of error, defendant contends that the trial court erred in denying her motion for judgment of acquittal (MJOA) on Count 1, the charge relating to C, who was a friend of H, defendant's ex-boyfriend. In her second assignment, she asserts that the court erred in denying her MJOA on Count 2, the charge relating to H. We reject without discussion defendant's first assignment of error, and write only to address her second assignment.

Under ORS 163.732,

"(1)  A person commits the crime of stalking if:

"(a)  The person knowingly alarms or coerces another person or a member of that person's immediate family or household by engaging in repeated and unwanted contact with the other person;

"(b)  It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c)  The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

Repeated means "two or more times." ORS 163.730(7). Thus, to convict a person of stalking, the state must prove that there were at least two actionable contacts. *See State v. Jackson*, 259 Or App 248, 251, 313 P3d 383 (2013).

Furthermore,

"[t]o avoid concerns that the criminal stalking statute was unconstitutionally overbroad for its potential to improperly restrict speech under Article I, section 8, of the Oregon Constitution, the Oregon Supreme Court limited the reach of ORS 163.732 in [*State v. ]Rangel*, 328 Or [294, 298-306, 977 P2d 379 (1999)]. Thus, if the charged conduct is of a 'purely communicative nature,' *State v. Sierzega*, 236 Or App 630, 637, 237 P3d 234 (2010) (internal quotation

marks omitted), it must also be shown that the communication amounts to a 'threat.' *Rangel*, 328 Or at 303. A threat 'is a communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts.' *Id.*"

*Id.* at 250-51.

Here, we conclude that the court erred in denying the MJOA as to Count 2. With respect to H, the evidence was that, on April 20, defendant went to H's house and knocked on the door, but received no answer. Later the same day, she returned and interacted with H, asking for some property she had left inside the house and for money she believed he owed her. That contact with H was not an actionable contact for purposes of ORS 163.732. In May and June, defendant sent letters and a text that were not threats under *Rangel*, and which the trial court did not consider as actionable contacts. Instead, the communicative contacts were considered as context for defendant's later noncommunicative conduct. Finally, in June, defendant accelerated her vehicle toward both H and C as they were walking on a narrow residential road; H and C moved out of the way to avoid being hit by the vehicle. We conclude that only that final June contact in this case constitutes an actionable contact for purposes of ORS 163.732. Thus, with respect to H, defendant engaged in only a single actionable contact and, accordingly, we agree with defendant that the trial court erred in denying the MJOA on Count 2.

Conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed.